Nicholson, C. J.,
delivered the opinion of the court.
Mary Deaton sued the Tennessee Coal and Railroad Company in the Circuit Court of Franklin County, for $20,000, as damages for killing her husband, by running one of its trains over him..
Several counts were filed in the declaration, when, after demurrers had been filed and sustained as to *651 some, and others stricken out, the plaintiff obtained leave to file an additional count upon a contract with the company, in which it was averred that, in consideration that she would not sue the company for damages, they, on the 4th day of July, 186-, agreed and contracted to pay her certain large sums of money; to-wit, $500 annually, and $50 per month during her life and to support her and educate her children.
Issues were made upon this count.
The case was tried at the July term, 1874, of the circuit court, when there was judgment for the plaintiff for $1,472.
The company has appealed to this court.
The bill of exceptions shows that Mary Deaton, the plaintiff, testified as follows:
“I did make such contract with Mr. Houston, the agent. The agreement was, that they were to furnish me what I needed until my youngest child became of age, and then me for the rest of my life: they said, also, that they would assist me to educate my children; and this they agreed to do if I would not sue them.”
Mr. Houston, the agent of the company, was examined for the plaintiff, and in answer to the question, whether he, as superintendent of the company, made any contract with Mary Deaton in reference to the killing of her husband, he answered:
“¥e then agreed to pay her about the amount of her husband’s wages in supplies, and for no definite period of time, or until it would aggregate any *652 definite amount. The full month’s wages of her husband as an employee on the road were either $39 or $33, as he was a train or track hand.”
There was proof that during the two years after the agreement the company had furnished the plaintiff with goods or supplies amounting to $400, as- to which the company claimed a set-off.
The first ground on .which a reversal is sought is, that there is a fatal variance between the contract declared on and that, proved.
On this point the Circuit Judge charged the jury:
“If you find for the plaintiff, it must be on the alleged contract, and within the evidence, and confined to the time anterior to the date of bringing the suit.”
As the contract was by parol, it devolved upon the jury to determine from the proof what were the terms of the contract, and having determined this, they were told correctly that to justify them in finding for the plaintiff the evidence must show that the contract proved was the same with that declared on.
It is a general rule, that a variance between the contract declared on and that proved will be fatal; but this rule is subject to this qualification, that it will in all cases suffice if the legal effect of the contract be stated, and that the party is not compelled to follow the exact words of the contract; in other words, the legal effect and substance of the statement and of the evidence being the same, the variance will not be fatal. 1 Chitty’s PL, 312.
The Circuit Judge charged that “if the contract was that the defendant would furnish the plaintiff sup *653 plies equal to the monthly wages of her husband as an employee of the defendant, until the plaintiff’s youngest child should become of age, and after that event during her natural life, such a contract would be valid.”
It is manifest that the jury found this to be the contract, as deduced from the evidence of the plaintiff and of Houston; and that, in legal effect and substance, it was the same with that stated in the declaration. We cannot say that their verdict is not supported by the evidence, nor that they erred in finding that the contract as proved was the same in legal effect and substance as that stated in the declaration.
The next objection to the judgment is, that it is based on a contract which is void under that provision of the statute of frauds, sec. 1758 of the Code, which requires every agreement or contract which is not to be performed within the space of one year from the making thereof to be in writing.
It is the settled construction of this provision of the statute, that if the executory promise be capable of entire performance within one year, it is not within this clause.
The decision of this question does not seem to depend entirely upon the understanding or intention' of the parties. They may contemplate as probable a much longer continuance of the contract, or a suspension of it and a revival after- a longer period; it may in- itself be liable to such continuance and revival; and it may in this way be protected so far as *654 that it is not in fact performed within a year: but if when made it was in reality capable of a full and bona fide performance within the year, without the intervention of. extraordinary circumstances, then it is to be considered as not within the statute. 3 Parsons on Confer., 35; Leinau v. Smart, 11 Hum., 310.
The contract as found by the jury was, that the company would support and • maintain the widow and her children during the life of the widow, and that if the widow should die before the youngest child became of age, the children should be supported and maintained until that time arrived.
Could this contract be performed within one year?
As to the widow it could; as if her support during life was the object, the promise could be performed if she. was supported until her death, that occurring within a year.
When the promise is to continue to do something until the contingency occur, as, for instance, to pay during the promisee’s life, or to support a child who is eleven years old till she is eighteen, in these eases the promise is not affected by the statute, because the party whose life is involved may die within the year. Brown on Frauds, sec. 276.
As to the children, there were three of them (all minors), the youngest being — years of age.
The promise was to support and maintain them at all events until the youngest arrived at age.
It was not to support and maintain the youngest child only until it should arrive at age; but to support the widow until that time if she should live to *655 that period, and if she should die before that period, the support for the children was to continue until the youngest should come of age.
Hence, if the mother and the youngest child should both die within the year, the contract would continue in force until the period when the youngest child would have arrived at age if it had lived.
In other words, the contract was, that the monthly amount of the husband’s wages should continue, at all events, until the time when the youngest child should become of age, and 'might continue longer if the widow should live beyond that time.
The contract, therefore, could not be performed within the year, except upon the death of the widow and all three of the children within that period.
The happening of such an extraordinary contingency might defeat the performance of the contract, but that would not take the case out of the statute.
The contract was for the payment of a specific amount monthly until a definite period; that is, when the youngest child should become of age.
The performance of the contract might, be defeated by the death of all the parties for whose benefit it was made, within the year; but that would not operate as a performance of the contract.
In many cases, where the promise is to do a thing for or at the end of a period of time exceeding a year, the death of the party promising will render further performance of the promise impossible; but it is not for that reason taken out of the statute.
In such ease, the performance of the contract is *656 defeated, not completed, upon the occurrence of the contingency. Brown on Erauds, sec. 282.
Where the manifest intent and understanding of the parties are that the contract shall not be executed within the year, the mere fact that it is possible that the thing agreed to be done may be done within the year, will not prevent the statute from applying.
Physical possibility is not what is meant when it is said that if the verbal contract may be performed Avithin the year it is binding.
It is not enough that the thing stipulated may be accomplished in a less time'; but such an accomplishment must be an execution of the contract according to the understanding of the parties. Brown on Erauds, sec. 283.
It follows that the Circuit Judge erred in holding that the contract' ’ was valid.
The judgment is therefore reversed, and the case remanded for further trial.